CT Corporation

**Service of Process Transmittal**
09/14/2010
CT Log Number 517269728

**TO:** Noni Boddie, Office Manager
ARAMARK Corporation
1101 Market Street, ARAMARK Tower
Philadelphia, PA 19107-2988

**RE: Process Served in Delaware**

**FOR:** ARAMARK Sports and Entertainment Services, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Grande Denali, LLC, Pltf. vs. Aramark Sports and Entertainment Services, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons and Notice, Complaint, |
| **COURT/AGENCY:** | Third Judicial District at Kodiak, Superior Court, AK<br>Case # 3KO-10-356 |
| **NATURE OF ACTION:** | Breach of Contract - Defendants failed to fulfill the Agreement's terms to promote, operate, and manage the facility and failing to act pursuant to the agreed-upon financial methodologies |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/14/2010 postmarked on 09/08/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Matthew D. Jamin<br>Jamin Law Office PC<br>323 Carolyn Street<br>Kodiak, AK 99615<br>907-486-6024 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791606107429 |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street<br>Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

RECEIVED
SEP 15 2010
By__________

Page 1 of 1 / AM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

MATTHEW D. JAMIN
ATTORNEY AT LAW
ADMITTED TO ALASKA BAR

# JAMIN LAW OFFICE

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
323 CAROLYN STREET
KODIAK, ALASKA 99615

TELEPHONE 907 486 6024
FACSIMILE 907 486 6112
EMAIL matt@jesmkod.com

September 8, 2010

ARAMARK SPORTS & ENTERTAINMENT SERVICES, LLC
Registered Agent: C T Corporation System
9360 Glacier Hwy Ste 202
Juneau, AK 99801

ARAMARK SPORTS & ENTERTAINMENT SERVICES, LLC
1209 Orange St.
Wilmington, DE 19801

ARAMARK SPORTS & ENTERTAINMENT SERVICES, LLC
ARAMARK Tower
1101 Market St.
Philadelphia, PA 19107

Dear Folks:

We have filed a complaint because we were not able tor reach any accommodation about putting off the statute. We remain interested in getting together to try to work this out. If you wish a substantial delay in responding to the complaint, I am certainly willing to consider it. Let us know what you would like to do. Best regards.

Sincerely,

JAMIN LAW OFFICE

Matthew D. Jamin

cc: Dave Jarrett
Carl Marrs

MDJ/dew

S:\WP\CLIENTS\3765\97\097L002 Aramark with Complaint and Summons.wpd

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT KODIAK

GRANDE DENALI, LLC,
Plaintiff(s),
vs.
ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC,
Defendant(s).

CASE NO. 3KO-10- 356 CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): 204 Mission Rd. Kodiak, AK 99615 within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

Plaintiff's attorney or plaintiff (if unrepresented): Matthew D. Jamin
Address: 323 Carolyn St. Kodiak, AK 99615

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge Steven W. Cole.

(SEAL)

CLERK OF COURT

September 1, 2010
Date

By: Dickinson
Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (2/06)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KODIAK

GRANDE DENALI, LLC, )
)
Plaintiff, )
)
vs. )
)
ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, )
)
)
Defendant. )
______________________________ )

Case No. 3KO-10__ CI

**COMPLAINT**

Through counsel and for its complaint, GRANDE DENALI, LLC (GRANDE DENALI), plaintiff, states as follows:

1. GRANDE DENALI, LLC is an Alaska limited liability company in good standing.

2. ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC[1] (ARAMARK) is a limited liability company formed under Delaware law. It is authorized to and does conduct business in the State of Alaska. It was previously known as ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC. and under that name made the contract with GRANDE DENALI which provides the basis for this complaint. According to its 2010 Alaska business license, ARAMARK maintains a business office in Anchorage, Alaska.

JAMIN LAW OFFICE PC
323 CAROLYN ST
KODIAK AK 99615
907.486.6024
907.486.6112 FAX

[1] AK Entity # 40869F, referencing previous legal names.

3. Jurisdiction and venue over the matters which are the subject of this complaint are properly in the Superior Court for the State of Alaska, Third Judicial District, at Kodiak, Alaska.

4. At all times relevant to this matter, GRANDE DENALI is and was the lessee of two hotels and a restaurant located on the George Parks Highway near Denali National Park (the Facilities).

5. On or about October 1, 2004, GRANDE DENALI and ARAMARK entered into a valid, binding contract, the Hotel and Restaurant Management Agreement (the Agreement).

6. The Agreement terminated September 30, 2009.

7. Among other requirements, the parties' Agreement obligates defendant to supervise and direct the management, operation, marketing and promotion of all aspects of the Facilities. ARAMARK agreed to provide GRANDE DENALI payments and financial statements, including supporting information, within specific time frames.

8. On or about April 15, 2010, ARAMARK provided GRANDE DENALI with a Final Settlement Agreement and agreed to pay GRANDE DENALI $440,000 for 2009 Earnings Before Interest, Taxes, Depreciation and Amortization (EBITDA) upon its execution of the Final Settlement Agreement. As a condition of the payment, ARAMARK demanded that GRANDE DENALI release ARAMARK from any and all claims relating to the Agreement.

9. EBITDA is defined in the Agreement's paragraph 2.19:

JAMIN LAW OFFICE
PC
323 CAROLYN ST
KODIAK AK 99615
907.486.6024
907.486.6112 FAX

EBITDA - shall mean the amount, determined in accordance with GAAP, by which the sum of: (a) Gross Revenues plus Additions to Gross Revenue from all Facilities, exceeds (b) (I) Direct Costs from all Facilities other than depreciation, amortization, interest and income taxes, plus (ii) Allocable Capital Expenses.

10. On or about May 5, 2010, GRANDE DENALI notified ARAMARK that while a final payment was indeed owed, since GRANDE DENALI's review of the financial reports was continuing and all the required source statements had yet to be received from ARAMARK, it was premature for GRANDE DENALI to execute any release. Further, GRANDE DENALI explained that under the terms of the Agreement, the 2009 EBITDA was owed by October 15, 2009 (5.3.1) and that it was in violation of the Agreement for ARAMARK to demand that GRANDE DENALI sign a release as a condition of payment.

11. On or about June 11, 2010, ARAMARK tendered to GRANDE DENALI a reduced check for the 2009 EBITDA in the amount of $394,809 along with a letter claiming that the payment constituted the final and full EBITDA payment due under the Agreement. This was an attempt at an accord and satisfaction under AS 45.03.311.

12. On or about June 16, 2010, GRANDE DENALI notified ARAMARK that since GRANDE DENALI received no supporting documentation regarding the reduced check amount, and since the financial review was not yet complete as supporting documentation had yet to be received, GRANDE DENALI was unable to accept the reduced check under the terms "full and final payment." ARAMARK

JAMIN LAW OFFICE PC
323 CAROLYN ST
KODIAK AK 99615
907.486.6024
907.486.6112 FAX

responded by saying that it would not change the language of the letter accompanying the check.

13. GRANDE DENALI remains unable to accept the reduced check as full and final payment because, among other contractual breaches, ARAMARK refuses to provide source documents supporting its EBITDA calculation.

14. The actual marketing, promotion and management provided GRANDE DENALI by ARAMARK differed from the defendant's representations.

15. In paragraph 8 of the Agreement, GRANDE DENALI acknowledged that ARAMARK managed other hotels and facilities near Denali National Park and that ARAMARK would operate them in competition with GRANDE DENALI. But as to the rooms reserved by Royal Caribbean Tours (RCT) through ARAMARK's Anchorage reservation center, ARAMARK agreed to allocate 52% of those room reservations to GRANDE DENALI's facilities. ARAMARK violated this agreement in 2006, 2007, 2008 and 2009. And by its failure to provide at least 52% of RCT's business at GRANDE DENALI's facilities, ARAMARK further breached its duty identified in paragraph 3.1, whereby among other duties, ARAMARK was to act in a manner reasonably calculated to "maximize the financial return to Operator and ARAMARK from the Facilities' operations over the Operating Term . . . ."

16. Although ARAMARK's Agreement was subject to the requests of RCT, ARAMARK created an environment of poor performance in GRANDE DENALI's facilities resulting in RCT preferring ARAMARK's other facilities to those of GRANDE DENALI.

JAMIN LAW OFFICE
PC
323 CAROLYN ST
KODIAK AK 99615
907.486.6024
907.486.6112 FAX

17. Again notwithstanding paragraphs 3.1 and 8 of the Agreement, as to rooms reserved by Premier Alaska Tours (PAT) through ARAMARK's Anchorage reservation center, ARAMARK agreed to use their best effort to allocate 100% of those reservations to GRANDE DENALI's facilities. ARAMARK violated this agreement in 2007, 2008 and 2009 by aggressively directing PAT's business to ARAMARK's other facilities by offering PAT exclusively low rates.

18. ARAMARK further violated the Agreement by directing new and existing tour companies and transient guests to ARAMARK's other facilities, disproportionately allocating discount or complimentary rooms to GRANDE DENALI's Facilities.

19. ARAMARK made strategic efforts to sell its food and beverage activities to customers before they entered the lobbies of the GRANDE DENALI facilities to further avoid having to pay GRANDE DENALI the commissions.

20. ARAMARK breached the Agreement by failing to use their good faith efforts to promote and advance OHNC's shareholder's work products.

21. ARAMARK, in violation of the parties' Agreement, inappropriately increased GRANDE DENALI's expenses by attributing erroneous charges (either directly or via its corporate and/or overhead pools) to the Facilities. The parties' Agreement was breached where ARAMARK charged GRAND DENALI excessive booking fees, excessive laundry service fees and failed to properly account for GRANDE DENALI's share of the fixed assets' salvage value at the end of the contract.

JAMIN LAW OFFICE
PC
323 CAROLYN ST
KODIAK AK 99615
907.486.6024
907.486.6112 FAX

22. Further contract breaches occurred when ARAMARK failed to spend the agreed-upon 4.5% of revenue on Repairs and Maintenance and when ARAMARK failed to account for the 2006 addition of 10 rooms to the Facilities.

23. The preceding accounting irregularities, including ARAMARK's failure to: (a) include the 2009 uncollectible account receivables; (b) to include the 2009 expense for vehicles sold by ARAMARK to GRANDE DENALI in excess of the vehicles' fair market value; (c) correctly delete income from cell tower lease agreements that were not related to the Facilities; and (d) correctly provide for accurate accounting cutoff periods all work to negatively impact GRAND DENALI's EBITDA share.

24. As a result of GRANDE DENALI's review of the limited accounting documents provided by ARAMARK, it appears that ARAMARK owes GRANDE DENALI in excess of the $394,809, just for the EBITDA.

25. Upon receipt and review of the required source documents and related information, GRANDE DENALI will be able to complete its audit and determine if ARAMARK has violated the Agreement in other ways.

26. ARAMARK's refusal to provide the source documents to allow GRANDE DENALI to conduct its own financial audit, its acknowledgment that it owes GRANDE DENALI at least $394,809, its refusal to pay that amount now without conditions and its demand that GRANDE DENALI waive any right to further payments, even if an audit shows that additional payments are due are outrageous.

JAMIN LAW OFFICE
PC
323 CAROLYN ST
KODIAK AK 99615
907.486.6024
907.486.6112 FAX

These acts are done with malice or bad motives and require an award of punitive damages.

27. Despite GRANDE DENALI's repeated requests, ARAMARK has failed to fulfill its contract obligations. In so doing, ARAMARK has damaged GRANDE DENALI's Facilities' public image, unjustly shifted unauthorized costs to GRANDE DENALI and caused other damages.

28. ARAMARK's conduct evidences reckless indifference of GRANDE DENALI's interests.

**Count I - Breach of Contract**

29. Plaintiff asserts all preceding allegations.

30. Defendant's failure to fulfill the Agreement's terms to promote, operate and manage the Facilities, including failing to act pursuant to the agreed-upon financial methodologies, constitutes breach of contract.

31. Defendant is liable to plaintiff for all damages and/or any other appropriate relief.

**Count II - Bad Faith**

32. Plaintiff asserts all preceding allegations.

33. In addition to breaching the terms of the Agreement, defendant engaged in bad faith and acted with reckless indifference to the plaintiff's interests, breaching the covenant of good faith and fair dealing implied in all Alaska contracts.

34. Defendant is liable to plaintiff for all damages and/or other appropriate relief.

JAMIN LAW OFFICE PC
323 CAROLYN ST
KODIAK AK 99615
907.486.6024
907.486.6112 FAX

### Count III - Misrepresentation/Nondisclosure

35. Plaintiff asserts all preceding allegations.

36. Defendant misrepresented and/or failed to disclose documentation necessary to audit the defendant's EBITDA calculations.

37. Plaintiff detrimentally relied on defendant's representations.

38. Defendant is liable to plaintiff for all damages and/or other appropriate relief.

### Count IV - Unfair Trade Practices (AS 45.50.471)

39. Plaintiff asserts all preceding allegations.

40. Additionally or alternatively, defendant has engaged in unfair or deceptive acts or practices in the conduct of trade or commerce.

41. Defendant is liable to plaintiff for treble damages, actual attorney's fees, and all other relief provided by law.

### Count V - Negligence

42. Plaintiff asserts all preceding allegations.

43. Defendant breached the duty of reasonable care owed to plaintiff.

44. Defendant is liable to plaintiff for all damages and/or other appropriate relief.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

A. The court award judgment in favor of plaintiff against defendant;

JAMIN LAW OFFICE
PC
323 CAROLYN ST
KODIAK AK 99615
907.486.6024
907.486.6112 FAX

B. The court award plaintiff, in an amount to be proven at trial, but in excess of $100,000, compensatory damages, treble damages, punitive damages, costs, interest, and attorney's fees; and

C. The court award such other relief as it deems just, equitable and proper.

DATED: September 3, 2010, at Kodiak, Alaska.

JAMIN LAW OFFICE
Attorneys for Plaintiff

By: ______________________
Matthew D. Jamin
Alaska Bar No. 7410085

S:\WP\CLIENTS\3765\97\097P001 COMPLAINT.wpd

JAMIN LAW OFFICE
PC
323 CAROLYN ST
KODIAK AK 99615
907.486.6024
907.486.6112 FAX