Michael C. Geraghty, Esq., ABA 7811097
Email: mgeraghty@dmgz.com
Adolf V. Zeman, Esq., ABA 0411082
Email: azeman@dmgz.com
DeLisio Moran Geraghty & Zobel, P.C.
945 West Sixth Avenue
Anchorage, Alaska 99501
Telephone: 907-279-9574
Facsimile: 907-276-4231

Attorneys for Aramark

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

GRANDE DENALI, LLC,

Plaintiff,

v.

ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC,

Aramark.

Case No. 3:10-cv-00229 JWS

Sup. Ct. No. 3KO-10-356 CI

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

Aramark Sports and Entertainment Services, LLC ("Aramark"), by and through its undersigned counsel, DeLisio Moran Geraghty & Zobel, P.C., responds to the allegations in Plaintiff's Complaint as follows:

1-4. Aramark admits the allegations in these paragraphs.

5-7. Aramark admits that it entered into a Hotel and Restaurant Management Agreement ("Agreement") with the Plaintiff and the Agreement speaks for itself. To the extent this paragraph misstates or mischaracterizes the terms and conditions of that Agreement, the allegations are denied.

8. Aramark admits that, on or about April 15, 2010, it provided Plaintiff with a Final Settlement Agreement and Release whereby the parties agreed to terminate the Agreement and mutually release and relinquish any claims that one may have had against the other. Further, Aramark proposed to pay Plaintiff final amounts due under the Agreement, subject to final expenses anticipated with the termination of the Agreement and transfer of authority from Aramark back to Plaintiff or its designee. Aramark denies any remaining allegations in this paragraph.

9. Aramark admits that the Agreement speaks for itself. To the extent this paragraph misstates or mischaracterizes the terms and conditions of that Agreement, the allegations are denied.

10. Aramark admits that Plaintiff decided not to sign the Final Settlement Agreement for its own reasons. Aramark denies any remaining allegations in this paragraph.

11. Aramark admits that it has attempted on more than one occasion to effect the termination of the parties' Agreement, including execution of the Final Settlement Agreement and Release, which merely acknowledges that both parties have fulfilled all

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

requisite duties under the Agreement and there are no further issues between them. Aramark denies any remaining allegations in this paragraph.

12. Aramark admits that it provided Plaintiff with the same "supporting documentation" it has historically provided in the past while the Agreement was in effect, and that Plaintiff has refused to accept the amount tendered. Aramark denies any remaining allegations in this paragraph.

13–14. Aramark denies each and every allegation in these paragraphs.

15. Aramark denies the allegations in this paragraph because they misstate and mischaracterize the language of the Agreement, and because they do not accurately reflect Aramark's obligations under the Agreement.

16-23. Aramark denies each and every allegation in these paragraphs.

24. Aramark admits, as it has from the outset following Plaintiff's decision to terminate the Agreement, that it owes Plaintiff additional monies, subject to a set-off for amounts that Plaintiff owes to Aramark for interest on capital that Aramark has loaned to Plaintiff. Aramark denies any remaining allegations in this paragraph.

25-28. Aramark denies each and every allegation in these paragraphs.

**Count I – Breach of Contract**

29. Aramark adopts and incorporates herein by reference its responses to all preceding paragraphs of Plaintiff's Complaint, as if fully set forth.

30-31. Aramark denies each and every allegation in these paragraphs.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

**Count II – Bad Faith**

32. Aramark adopts and incorporates herein by reference its responses to all preceding paragraphs of Plaintiff's Complaint, as if fully set forth.

33-34. Aramark denies each and every allegation in these paragraphs.

**Count III – Misrepresentation/Nondisclosure**

35. Aramark adopts and incorporates herein by reference its responses to all preceding paragraphs of Plaintiff's Complaint, as if fully set forth.

36-38. Aramark denies each and every allegation in these paragraphs.

**Count IV – Unfair Trade Practices (AS 45.50.471)**

39. Aramark adopts and incorporates herein by reference its responses to all preceding paragraphs of Plaintiff's Complaint, as if fully set forth.

40-41. Aramark denies each and every allegation in these paragraphs.

**Count V – Negligence**

42. Aramark adopts and incorporates herein by reference its responses to all preceding paragraphs of Plaintiff's Complaint, as if fully set forth.

43-44. Aramark denies each and every allegation in these paragraphs.

**AFFIRMATIVE DEFENSES**

45. Plaintiff fails to state a claim against Aramark for which relief can be granted.

46. Plaintiff has failed to mitigate its damages.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

47. Plaintiff's claims against Aramark are barred by the applicable statute of limitations.

48. There is no causation between any conduct of Aramark and the damages allegedly sustained by Plaintiff.

49. Some or all of Plaintiff's claims may be barred by the economic privilege doctrine.

50. Aramark's performance of the Agreement was approved and accepted at each step by Plaintiff.

51. Plaintiff's claims are barred by a lack of consideration.

52. Plaintiff is not entitled under Alaska law to recover punitive damages for breach of contract.

53. Plaintiff's claim for punitive damages fails to meet the proof threshold imposed by AS 09.17.020.

54. Plaintiff's claim for punitive damages violates various procedural and substantive due process rights guaranteed to Aramark under the state and federal constitutions.

55. Aramark reserves the right to assert such other and further affirmative defenses to Plaintiff's Complaint as may become known or available to it in the course of discovery and preparation for trial.

## COUNTERCLAIM

Aramark, for its Counterclaim against Plaintiff, states and alleges as follows:

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.
943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
(907) 279-9574

56. This action is properly within the venue of this Court pursuant to Title 28 U.S.C. § 1391(a)(2) as the substantial part of the events or omissions giving rise to the claims that are the subject of this action occurred in this judicial district.

57. This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds $75,000, exclusive of interest and costs, and there exists a diversity of citizenship.

58. On or about October 1, 2004, Plaintiff and Aramark entered into a Hotel and Restaurant Management Agreement ("Agreement"). The Agreement was valid for a five-year period. A complete copy is attached hereto as *Exhibit* A.

59. The Agreement outlined the responsibilities of each party and also outlined each party's compensation structure.

60. As part of the Agreement, Aramark provided working capital in order to ensure proper operation of Plaintiff's lodging facilities.

61. Under the contract, Aramark retained the right to charge interest on the working capital advanced by the Aramark in order to ensure the proper operation of Plaintiff's lodging facilities.

62. During the term of the Agreement, the interest accrued on the working capital provided by Aramark was in excess of $150,000.

63. To date, Plaintiff has not paid the interest owed on the working capital or afforded Aramark a credit for the amount due and owing.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

64. Aramark has fulfilled all contractual duties required of it pursuant to the Agreement.

65. Plaintiff has breached its contract with Aramark for failing to pay the interest owed, which has damaged Aramark in an amount in excess of $150,000, the exact amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Aramark respectfully requests this Court to enter the following relief:

1. For dismissal of Plaintiff's complaint, with prejudice;

2. For judgment against Plaintiff for the amount set forth in its counterclaim or, alternatively, for an affirmative set-off of any damages awarded to Plaintiff pursuant to its complaint;

3. For an award of reasonable attorney's fees and costs incurred in defending against Plaintiff's complaint and for successfully recovering on its counterclaim; and

4. For such additional relief as this court deems appropriate.

Dated: Jan. 18, 2011

/s/ Michael C. Geraghty

Michael C. Geraghty, ABA 7811097
Email: mgeraghty@dmgz.com
Adolf V. Zeman, Esq., ABA 0411082
Email: azeman@dmgz.com
DeLisio Moran Geraghty & Zobel, P.C.
945 West Sixth Avenue
Anchorage, Alaska 99501
Telephone: 907-279-9574
Facsimile: 907-276-4231

This is to certify that a true copy of the foregoing was sent on January 18, 2011, to the following:

**X by mail** □ by facsimile **X by hand delivery** □ electronically

Matt Jamin, Esq.
Jamin Law Office
323 Carolyn Street
Kodiak, AK 99615
Em: matt@jesmkod.com
Em: Katie@jesmkod.com

By /s/ Michael C. Geraghty
Michael C. Geraghty

DeLisio Moran
Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska
99501-2033
(907) 279-9574